IN THE UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF ARKANSAS
                              EASTERN DIVISION


ROGER DEAN NEWMAN                                              PETITIONER


vs.                    Civil Case No. 2:06CV00010 HLJ


LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                    RESPONDENT


                            MEMORANDUM AND ORDER

    Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Roger Dean Newman, an inmate of the Federal Correctional Institution (FCI) in Forrest City, Arkansas, who is serving a sentence of thirty-three months from the United States District Court in the Western District of Missouri, imposed on May 17, 2005, for mail fraud and wire fraud.  Petitioner does not challenge his convictions or his sentence.  His only claim in this petition is his challenge to the Bureau of Prison's (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the statute that governs

---

[1] That statute provides as follows:

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

the transfer of inmates to residential reentry centers (RRC's),[2] prior to their release from imprisonment.  He contends he is entitled to serve the last six months of his sentence in an RRC, but he is tentatively scheduled for transfer to an RRC on September 14, 2007, which will permit him only about eighty-six days of RRC time. He states he petitioned the BOP to consider him for additional RRC placement, citing exceptional circumstances, but his request was denied.

This is one of several cases litigated before this court concerning the BOP's transfer of inmates to RRCs.  The Eighth Circuit Court of Appeals recently ruled in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), that a regulation adopted by the BOP on December 14, 2005, which limited placement in an RRC to the last ten percent of an inmate's sentence, was invalid.  In light of Fults, Respondent has filed a pleading in this case stating the BOP is modifying its procedures for institutions in this circuit, and that Petitioner will be evaluated for RRC placement utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998.  Respondent further states that, under this policy statement, the Bureau "will be basing RRC recommendations on statutory (18 U.S.C. § 3621(b)), correctional, and population

---

[2] These facilities were formerly known as community corrections centers (CCCs), but the BOP renamed them on March 31, 2006.

management interests, e.g., length of sentence, seriousness of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc. Consistent with Program Statement 7310.04, recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date." Respondent requests this petition, therefore, be dismissed as moot.

Petitioner requests the court enter a judgment, because he "may need one ... to receive the six months halfway house" transfer, "until the Respondent has shown, in good faith, that the procedures outlined in Program Statement 7310.04, ... will be utilized correctly...." Petitioner does not have an absolute right to a transfer to an RRC, and at no point in the <u>Fults</u> litigation has any court directed the BOP to transfer a specific inmate to an RRC. All Petitioner is entitled to under <u>Fults</u> is consideration for such a transfer in accordance with the procedures outlined in Program Statement 7310.04. Respondent has agreed to do that, and it appears this petition is moot. <u>See</u> <u>Ali v. Cangemi</u> 419 F.3d 722, 723 –724 (8th Cir. 2005).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed without prejudice as moot.

SO ORDERED this 2nd day of October, 2006.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge